IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FERNANDO RUIZ, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

AFFINITY LOGISTICS CORPORATION,

    Defendant.

No. C 05-02015 JSW

**ORDER GRANTING MOTION TO TRANSFER VENUE**

    Now before the Court is the motion filed by Affinity Logistics Corporation ("Affinity Logistics") to transfer venue to the District Court for the Southern District of California ("Southern District") pursuant to 28 U.S.C. § 1404. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS Affinity Logistics' motion to transfer venue. The Court finds this matter suitable for disposition without oral argument. Civil L.R. 7-1(b). Therefore, the hearing date of November 18, 2005 at 9:00 a.m. is HEREBY VACATED.

## BACKGROUND

    Plaintiff Fernando Ruiz filed a class action complaint against Affinity Logistics for failure to pay overtime wages to the current and former delivery drivers in violation of the Fair Labor Standards Act and for failure to pay employee benefits as required by California state

law.[1] Plaintiff asserts that the claims stem from Affinity Logistics' improper classification of its delivery drivers as independent contractors rather than employees.

Affinity Logistics, a Georgia corporation with its principal place of business in Marietta, Georgia, is a motor carrier which provides home delivery services and logistics support. The company hauls a variety of products, including appliances, furnishings and home electronics and operates from facilities in over 55 locations. (Declaration of Tony Quinn ("Quinn Decl."), ¶ 2.) In providing delivery services, Affinity Logistics contracts with drivers who provide delivery equipment and the labor to complete the delivery. (*Id*. at ¶ 3.)

The Court will address the specific facts relevant to this motion as they are pertinent to the analysis.

**ANALYSIS**

Affinity Logistics seeks to have the Court transfer this action to the Southern District of California. Pursuant to 28 U.S.C. § 1404(a), a district court may transfer a civil action to any district where the case could have been filed originally for the convenience of the parties and witnesses and in the interest of justice.

A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors to determine whether transfer is appropriate in a particular case. For example, the court may consider: (1) the plaintiff's choice of forum; (2) the convenience of witnesses and the parties; (3) the familiarity of the forum with the applicable law; (4) the ease of access to evidence; and (5) the relative court congestion and time of trial in each forum. *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508 -09 (1947); *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). As the moving party, Affinity Logistics bears the burden of showing that the inconvenience of litigating in this forum favors transfer. *See E. & J. Gallo Winery v. F. & P.S.p.A.*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) (noting that to meet this burden requires production of affidavits or declarations identifying key witnesses and anticipated testimony). If

---

[1] In his complaint, Plaintiff also gives notice that he intends to seek leave to amend his complaint following the exhaustion of any necessary administrative remedies, to assert claims for Affinity Logistics' wrongful exclusion of the class of plaintiffs from its 401(k) and other benefits plans pursuant to the Employee Retirement Income Security Act of 1974. (*See* Complaint at ¶¶ 82-83.)

2

1  the balance of convenience weighs strongly in favor of transfer, the Court may accord less
2  deference to a plaintiff's chosen forum. *Id.*

3  There is no dispute that Ruiz could have sued Affinity Logistics in the Southern District
4  of California. Accordingly, the Court weighs the relevant competing factors to determine which
5  forum is appropriate under the circumstances.

### 1. Plaintiff's Choice of Forum.

The deference accorded to the plaintiff's chosen forum should be balanced against both the extent of a defendant's contacts with the chosen forum and a plaintiff's contacts, including those relating to a plaintiff's cause of action. *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968). "If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, [a] plaintiff's choice is only entitled to minimal consideration." *Id.*

Here, Ruiz is a resident of Southern California and his delivery services were performed out of the San Diego area. (Declaration of Brent House ("House Decl."), ¶¶ 3-5.) In addition, the evidence relating to the terms of his employment are located in the Southern District. (*Id*. at ¶ 5.) Plaintiff does not argue that he resides in this district, nor that his employment was located here. The complaint does not allege that acts in this district gave rise to the claims. Rather, Plaintiff contends that because Affinity Logistics maintains approximately 470 delivery drivers dispersed throughout the United States and each delivery driver signs the agreement to provide delivery equipment and labor, the relevant agreements were executed all across the country. Therefore, Plaintiff argues that the center of the dispute does not arise in the Southern District. He does not allege, however, that the center of the dispute arises in this district, but only that his forum preference should be accorded deference.

The central dispute in this case arises from Ruiz's allegations that Affinity Logistics failed to abide by its obligations to pay drivers employee benefits, overtime and other wages as required by California law. The allegations pertaining to Plaintiff Ruiz are centered in the Southern District by virtue of Plaintiff's residence and the fact that his agreement was executed and his services performed in the San Diego area. Plaintiff's contention is that, as a

3

1    representative of a potential class action, his choice of forum should not focus on his individual
2    residence. However, this district has determined that the initial analysis of proper venue, even
3    for a purported class action, is the location of the residence, employment and evidence of the
4    named plaintiff. *See Dudash v. Varnell Struck & Associates, Inc.*, 2004 WL 2623903 at *4
5    (N.D. Cal. 2004). Here, the location of the Plaintiff's residence, employment and the evidence
6    of the contract for services are all located in the Southern District. Further, Plaintiff has failed to
7    allege or present evidence demonstrating that the majority of the potential class members within
8    California reside in this district. Failure to so demonstrate weighs in favor of transfer. *See id.*
9    at *5.

10   Therefore, the Court concludes that the Plaintiff's choice of forum, although entitled to
11   some deference, does not weigh against transfer in this matter.

12   **2.    Convenience of the Witnesses and Parties**.

13   In addition to considering the Plaintiff's choice of forum, the Court will consider the
14   relative convenience to all the parties involved in the lawsuit of the competing forums when
15   deciding a motion to transfer. *Gulf Oil*, 330 U.S. at 508. Although Affinity Logistics is a
16   Georgia corporation, it does not dispute that it conducts business, both in the Northern and
17   Southern District of California. The residence of Plaintiff would indicate that the Southern
18   District would also be more convenient for Plaintiff himself. (*See* Ex. A to Motion.) In
19   addition, Affinity Logistics contends that the Southern District is a more convenient forum
20   because the majority of the non-party and party witnesses reside within the jurisdiction.
21   Plaintiff contends that there will be witnesses inconvenienced in both jurisdictions, and third-
22   party witnesses beyond the subpoena power of both districts, and that balancing the
23   inconvenience is a zero sum game. (Opp. Br. at 8.)

24   The convenience of witnesses is often the most important factor in resolving a motion to
25   transfer. The trial court looks at who the witnesses are, where they are located, and the
26   relevance of their testimony. *A.J. Industries, Inc. v. United States District Court*, 503 F.3d 384,
27   389 (9th Cir. 1974). Affinity Logistics provides declarations setting forth a representative
28   group of witnesses who live in or near the Southern District. (House Decl., ¶ 8; Quinn Decl., ¶

4

1 8.) Plaintiff merely argues that the relevant witnesses are located throughout California and the
2 majority of witnesses are located outside the range of both jurisdictions' compulsory subpoena
3 powers. Plaintiff contends that "[f]or every witness whose testimony is gained by transferring
4 the matter, an equal number of witnesses' testimony is lost." (Opp. Br. at 10.)

5 Because Affinity Logistics has proffered evidence of specific witnesses who would be
6 inconvenienced or unable to testify before this district, the Court finds the convenience of the
7 witnesses and parties factor weighs in favor of transfer.

8 **3.  Familiarity of the Forum With the Applicable Law.**

9 Because neither party has demonstrated that one forum would be more familiar with the
10 law involved, the Court finds this factor to be neutral.

11 **4.  Ease of Access to Evidence.**

12 Access to sources of proof is another factor that favors transfer. *Gulf Oil*, 330 U.S. at
13 508. Affinity Logistics has submitted a declaration which indicates that documentary evidence
14 relating to Ruiz's contract with Affinity Logistics and other documents relating to the drivers
15 working out of the San Diego facility are located in the Southern District. (House Decl., ¶ 7.)
16 Plaintiff contends only that the sources of proof are located all across the country and the ease
17 of access to evidence does not favor either jurisdiction.

18 The Court concludes that Affinity Logistics has met its burden to show that the majority
19 of the documentary evidence pertinent to this dispute is located in the Southern District. This
20 factor also weighs in favor of transfer.

21 **5.  Relative Congestion.**

22 Another factor courts consider is the relative court congestion in each forum. According
23 to available statistics, the Northern District's docket has a heavier case load than the Southern
24 District. (Ex. B to Motion.) Thus, this factor weighs in favor of transfer.

25 Because the majority of factors weigh in favor of transfer, the Court finds that Affinity
26 Logistics has met the burden of demonstrating that the action should be transferred to the
27 Southern District of California and therefore GRANTS Defendant's motion.
28

5

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to transfer to the case to the United States District Court for the Southern District of California. The Clerk is directed to transfer this case, forthwith. Plaintiff's motion for certification of a collective action and permission to send notice shall be addressed by the Southern District Court.

**IT IS SO ORDERED.**

Dated: November 7, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE